IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:02-00062-02

**JEFFREY W. DANIELS**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to modify sentence, submitted to chambers on or about February 10, 2008, pursuant to 18 U.S.C. § 3582(c)(2).[1]  The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,

---

[1] The Clerk is directed to file the motion <u>nunc pro tunc</u> to February 10, 2008.

applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The September 9, 2002, Judgment reveals defendant was sentenced, inter alia, to a 151-month term of imprisonment.[2] The Judgment further reflects that defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b). United States v. Daniels, No. 2:02-00062, Stmt. of Reas. at 1 (S.D. W. Va. Sept. 9, 2002) (notation accompanying the guideline range determination providing "Career Offender provision at U.S.S.G. 4B1.1 applicable.").[3]

---

[2]On May 10, 2004, the sentence was reduced to 103 months pursuant to Rule 35.

[3]Paragraph 17 of the presentence report ("PSR") provides as follows:

> The guideline for a violation of 21 USC § 841(a)(1) is USSG § 2D1.1.  The base offense level is 32 if the substance involved is the equivalent of at least 1000 kg but less than 3000 kg of marihuana.  USSG § 2D1.1(c)(4).

PSR ¶ 17.  Following this base offense level, paragraph 24 of the PSR calculates the total offense level at 29, following a three-point reduction for acceptance of responsibility.  (Id. ¶ 24). Paragraph 25 of the PSR then provides as follows:

(continued...)

Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified that guideline section. The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

                                          ENTER: March 26, 2008

                                          John T. Copenhaver, Jr.
                                          United States District Judge

---

[3](...continued)
    The probation officer believes the defendant meets the criteria for the career offender provisions in USSG § 4B. However, the offense level determined above is the same as the offense level that would apply because of the career offender status.

(Id. ¶ 25).
    Assuming defendant received a two-level reduction pursuant to the retroactive amendment, resulting in a base offense level of 30 if calculated under the revised section 2D1.1, the operation of section 4B1.1 would yet result in his base offense level then returning to 32. See U.S.S.G. § 4B1.1 (2001) ("If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").